## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WILLIAM GREGORY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-724-SLR |
| | ) | |
| **VINCE BIANCO**, Warden | ) | |
| and **JOSEPH R. BIDEN, III,** Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

## MOTION TO DISMISS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, respondents move to dismiss the petition for a writ of habeas corpus on the grounds that the Court lacks subject matter jurisdiction for the following reasons:

In February 2000, following a jury trial in Superior Court, petitioner William Gregory was convicted of attempted murder, possession of a firearm during the commission of a felony, first degree conspiracy, second degree assault and possession of a deadly weapon during the commission of a felony. His convictions were affirmed on direct appeal. *See Gregory v. State*, 2001 WL 874766 (Del. Supr.).

In July 2002, Gregory petitioned this Court for a writ of habeas corpus. That petition was denied on October 29, 2003. *See Gregory v. Carroll*, 2003 WL 22508091 (D. Del.). On August 19, 2004, Gregory applied for state postconviction relief. Superior Court denied relief on November 23, 2005. *See State v. Gregory*, 2005 WL 3194482 (Del. Super. Ct.). Gregory appealed to the Delaware Supreme Court; the Delaware

Supreme Court affirmed the order denying Gregory postconviction relief. *See Gregory v. State*, 2006 Del. LEXIS 540 (Del. Supr.).

In a petition dated November 13, 2007, Gregory has again applied for federal habeas relief. D.I. 1 The petition, however, is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A); *see Felker v. Turpin*, 518 U.S. 651, 657 (1996) (§2244(b)(3)(A) creates a "gatekeeping" mechanism that requires a prospective applicant to "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."); *see also In re Minarik*, 166 F.3d 591, 599-600 (3d Cir. 1999) (§ 2244 applicable even if prior petition was filed and decided before AEDPA). Claims that could have been raised in an earlier habeas petition are subsequently barred. *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005).

In the November 2007 petition, Gregory, through counsel, raises several allegations that relate to his convictions for attempted murder and other charges. *See* D.I. 1 at 2-8. These claims, however, do not challenge conduct that occurred after Gregory filed his first petition. Accordingly, the November 2007 petition is clearly a "second or successive" petition. *See Benchoff*, 404 F.3d at 817-18. Moreover, the record is clear that Gregory has not obtained leave from the Court of Appeals for the Third Circuit to file the instant petition. Accordingly, by operation of § 2244(b)(3), this Court has no

jurisdiction to consider Gregory's latest petition, and the case must therefore be dismissed. *See Felker*, 518 U.S. at 657; *Benchoff*, 404 F.3d at 820.

A copy of the Court's order is available through the Westlaw database. *See Gregory v. Carroll*, 2003 WL 22508091 (D. Del.).

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

/s/ Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836

DATE: May 13, 2008

Westlaw.

Not Reported in F.Supp.2d                                                                      Page 1
Not Reported in F.Supp.2d, 2003 WL 22508091 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2003 WL 22508091)

**C**

Gregory v. Carroll
D.Del.,2003.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
William GREGORY, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ. 02-1392-SLR.**

Oct. 29, 2003.

William Gregory, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for Respondent.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 Petitioner William Gregory is a Delaware in-
mate in custody at the Delaware Correctional Cen-
ter in Smyrna, Delaware. Currently before the court
is the petitioner's application for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254. (D.I.2) For
the reasons that follow, the court concludes that the
petitioner's petition does not provide a basis for
habeas relief. Accordingly, the court will deny the
petition.

II. FACTUAL AND PROCEDURAL BACK-
GROUND

The petitioner and his co-defendant Nugi Nichols
stored drugs and money in Nicole Hansley's apart-
ment closet. In November 1998, petitioner dis-
covered that the drugs and money were missing.
The petitioner asked Hansley if she knew what
happened to the drugs and money, and she denied
having any knowledge.

Three days later, the petitioner and his co-defendant
entered Hansley's apartment while she was sleep-
ing. The petitioner beat Hansley twice on the head
with a bat, demanding his property back. When
Hansley denied taking the missing drugs and
money, the petitioner shot her in the head. The peti-
tioner's co-defendant then placed another gun
against Hansley's head and pulled the trigger, but
the gun jammed. The petitioner took the gun from
his co-defendant and, while he was trying to de-
termine why it had jammed, the gun fired. A bullet
grazed Hansley's face. The co-defendant then took
the gun back and shot Hansley in the neck. *Gregory
v. State,* 728 A.2d 264, at * *1 ¶¶ 2,3 (Del.2001).

Hansley survived the attack and identified the peti-
tioner and his co-defendant during a jury trial in the
Delaware Superior Court. On February 18, 2000,
the petitioner was convicted of attempted murder,
possession of a firearm during the commission of a
felony, first degree conspiracy, second degree as-
sault, and possession of a deadly weapon during the
commission of a felony. *Id.* at ¶ 1. The petitioner
was sentenced to thirty years imprisonment to be
followed by seven years of decreasing levels of
probation. (D.I. 10 at 1)

The petitioner appealed his conviction on the
ground that the trial court violated the Double Jeop-
ardy Clause and 11 Del. C. Ann. § 206 by failing to
merge his convictions for second degree assault and
attempted murder in the first degree. (D.I. 12, Ap-
pellant's Op. Br. in *Gregory v. State,* No. 278,2000)
The Delaware Supreme Court affirmed the petition-
er's conviction and sentence. *Id.* The petitioner did
not file any further state post-conviction motions.

The petitioner has filed the current petition seeking
federal habeas relief. The respondent has filed an
answer asking the court to dismiss the petition un-
der 28 U.S.C. § 2254(d)(1). The petitioner's federal
habeas petition is now ripe for review.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22508091 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22508091)**

### III. STANDARDS OF REVIEW

#### A. 28 U.S.C. § 2254(d)

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."28 U.S.C. § 2254(a). When the petitioner is in state custody pursuant to a state court judgment, and the federal habeas claim was adjudicated in state court on the merits, then the federal court must apply the deferential standard of review contained in 28 U.S.C. § 2254(d). Under § 2254(d), a federal court cannot grant a writ of habeas corpus unless it finds that the state court decision either: (1) was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

**\*2** Before applying the deferential standard of 28 U.S.C. § 2254(d), a federal court must first determine if the federal habeas claim was "adjudicated on the merits in State court proceedings."28 U.S.C. § 2254(d); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). A claim was adjudicated on the merits for the purposes of 28 U.S.C. § 2254(d)(1) only if it "is clear from the face of the state court decision that the merits of the petitioner's constitutional claims were examined in light of federal law as established by the Supreme Court of the United States."*Everett v. Beard,* 290 F.3d 500, 508 (3d Cir.2000).

Consequently, "if an examination of the opinions of the state courts shows that they misunderstood the nature of a properly exhausted claim and thus failed to adjudicate that claim on the merits, the deferential standards of review in AEDPA do not apply."*Chadwick v. Janecka,* 312 F.3d 597, 606 (3d Cir.2002); *seeJermyn v. Horn,* 266 F.3d 257, 299-300 (3d Cir.2001); *Appel,* 250 F.3d at 210. The federal habeas court " 'must examine, without special heed to the underlying state court decision,'

whether the claim has merit."*Jermyn,* 266 F.3d at 300 (quoting *Appel,* 250 F.3d at 210).

Regardless of the standard of review, the AEDPA requires a federal court to presume that a state court's determinations of fact are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000). A petitioner can only rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

#### B. Exhaustion

A federal habeas petitioner in state custody pursuant to a state court judgment must also satisfy the procedural requirements contained in the AEDPA.FN1 The federal habeas statute states:

> FN1. Additionally, a federal habeas petition must be brought within the one-year period of limitations required by 28 U.S.C. § 2244(d)(1). The statute of limitations is not at issue here.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Before seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22508091 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2003 WL 22508091)

Page 3

round of the State's established appellate review process."*O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000).

**\*3** To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *SeeLambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert,* 134 F.3d at 513;*Evans v. Court of Common Pleas, Delaware County, Pa.,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner "fairly presents" a federal claim to the state's highest court for purposes of exhaustion by asserting a legal theory and facts that are "substantially equivalent" to those contained in the federal habeas petition.*Coverdale,* 2000 WL 1897290, at \*2;*Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). The petitioner does not need to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court."*Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307,312 (3d Cir.1980).

The state courts' failure to actually consider or discuss a "fairly presented" federal habeas claim does not change the fact that the claim is exhausted. *See*Swanger v. Zimmerman,* 750 F .2d 291, 295 (3d Cir.1984)."The exhaustion requirement of 28 U.S.C. § 2254(b)-(c) has been judicially interpreted to mean that claims must have been *presented* to the state courts; they need not have been considered

or discussed by those courts."*Id.* (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971); *United States ex rel. Geisler v. Walters,* 510 F.2d 887, 892 (3d Cir.1975).

## IV. DISCUSSION

The petitioner raises the following two claims in his habeas petition: 1) the convictions for second degree assault and attempted murder in the first degree violated 11 Del. C. Ann. § 206 because the acts of beating the victim with a bat and shooting her with a gun constituted the "same conduct"; and 2) the convictions violated the Double Jeopardy Clause under *Blockburger v. United States,* 284 U.S. 299 (1932), because the two acts of violence constituted a single act and second degree assault is a lesser included offense of attempted murder in the first degree. (D.I.2)

The respondent neglects to address the petitioner's claim that the convictions for attempted murder and second degree assault violate 11 Del. C. Ann. § 206. The respondent states that the petitioner exhausted his Double Jeopardy claim by raising it on direct appeal, and that the state courts adjudicated this claim on the merits. (D.I.10) As such, the respondent asks the court to deny the Double Jeopardy claim for failing to satisfy 28 U.S.C. § 2254(d)(1). The court addresses the petitioner's claims in turn.

### A. 11 Del. C. Ann. § 206 Claim

**\*4** The petitioner asserts that the Delaware state courts violated 11 Del. C. Ann. § 206 by convicting him of attempted murder and second degree assault because the two acts of violence were part of the same conduct. (D.I. 2 at ¶ 8) A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review. *Pulley v. Harris,* 465 U.S. 37, 41

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22508091 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22508091)**

(1984); *Riley v. Harris,* 277 F.3d 261, 310 n. 8 (3d Cir.2001). Thus, because this claim alleges a violation of state law, the court concludes it is not cognizable in this federal habeas proceeding.

B. Double Jeopardy Claim

The petitioner claims that second degree assault is a lesser included offense of attempted murder under Delaware law and, consequently, his "cumulative punishments for each charge is a double jeopardy violation."(D.I. 2 at ¶ 8a(14), citing *Blockburger v. United States,* 284 U.S. 299 (1932)) To support this claim, he asserts that his two acts of violence were part of the same conduct and the only difference between the two acts was the weapon used. One act of violence involved a bat while the other involved a gun, but both acts were committed "to intentionally cause serious physical injury to the victim by means of a deadly weapon or a dangerous instrument, as well ... [create] a substantial risk of death to the victm."(D.I. 2 at ¶ 8a(6)) He further asserts that "the exact type of deadly weapon or dangerous instrument used to facilitate the crime is not an element of proof for either assault or murder, [and] according the state legislature, the offenses are the same, with assault the lesser included [offense] of attempted murder."(D.I. 2 at ¶ 8a(7))

The respondent correctly acknowledges that the petitioner exhausted state remedies with respect to his Double Jeopardy claim. A review of the record reveals that the Double Jeopardy claim presented to the Delaware Supreme Court is substantially similar to the Double Jeopardy claim presented to this court. The respondent also asserts that the Delaware Supreme Court dismissed this claim on the merits, and asks the court to deny the habeas claim because the state supreme court's adjudication was not contrary to, or an unreasonable application of, clearly established federal law. (D.I. 10 at 4)

While the court agrees that the petitioner has exhausted state remedies with respect to this claim, the court disagrees with the respondent's assertion

that the State Supreme Court adjudicated this claim on the merits. The Third Circuit Court of Appeals has held that the "AEDPA standard of review [28 U.S.C. § 2254(d)(1) ] does not apply unless it is clear from the face of the state court decision that the merits of the petitioner's constitutional claims were examined in light of federal law as established by the Supreme Court of the United States."*Everett,* 290 F.3d at 508 (citing *Hameen v. Delaware,* 212 F.3d 226, 228 (3d Cir.2000)). A review of the Delaware Supreme Court's order reveals that the state court did not examine the petitioner's double jeopardy claim in light of federal law. *SeeGregory,* 728 A.2d 264. Rather, it focused on the petitioner's second claim that the convictions and sentences violated 11 Del. C. Ann. § 206. *Id.*

**\*5** This conclusion is supported by the absence of any reference to federal or constitutional law in the State Supreme Court's order, despite the petitioner's contention that the United States Supreme Court case *Blockburger* controlled the issue as to whether he committed one or two offenses. (D.I. 12, Appellant's Op. Br. at 10) In fact, the State Supreme Court summarized the claim on appeal in terms of state law by stating the appeal rested "on the ground that [the assault conviction] should have been merged into the attempted murder conviction."*Id.* at ¶ 1.

Additionally, the only authority cited in the State Supreme Court opinion, *Wyant v. State,* 519 A.2d 649, 661 (Del.1986), analyzed a similar claim to the petitioner's in terms of a state law violation rather than in terms of a Double Jeopardy violation. The relevant issue in *Wyant* was whether the Superior Court "committed legal error in failing to merge the attempted rape [conviction] into the "completed act" [of rape]."*Id.* at 660.The *Wyant* court focused on whether the trial court violated 11 Del. C. Ann. § 206(a)(2) by permitting both convictions and multiple sentences and never analyzed the claim under the Double Jeopardy Clause. *Wyant,* 519 A.2d at 661. Thus, the court concludes that the Delaware Supreme Court did not adjudicate the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22508091 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2003 WL 22508091)

merits of the petitioner's constitutional claim.

Because this claim was never adjudicated on the merits in state court, the narrow standard of review contained in 28 U.S.C. § 2254(d)(1) does not apply to the present case. See *Everett,* 290 F.3d at 508. Consequently, the court must review the petitioner's Double Jeopardy claim on the merits. In so doing, the court notes that its conclusion would be the same under 28 U.S.C. § 2254(d)(1).

The Double Jeopardy Clause contains three protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). The third protection is at issue in the present case because the petitioner claims he has been punished twice for the same offense.

The typical multiple punishment case offending the Double Jeopardy Clause involves a single act or transaction that constitutes a violation of "two distinct statutory provisions." *Rutledge v. United States,* 517 U.S. 292, 297, n. 6 (1996). An example of two different statutes defining the "same offense" occurs where one offense is a lesser included offense of the other offense. *Id.* The United States Supreme Court set forth the rule for determining whether a defendant has been punished twice for the "same offense" in *Blockburger v. United States,* 284 U.S. 299, 304 (1932). If "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.*

**\*6** The *Blockburger* test focuses on the proof needed to satisfy the elements of each statutory offense, not the actual evidence to be presented at trial. *Iannelli v. United States,* 420 U.S. 770, 775, n. 17 (1975). Thus, this test is satisfied even if there is "a substantial overlap in the proof offered to estab-

lish the crimes." *Id.*

The petitioner asserts that beating the victim in the head with a bat and shooting her in the head with a gun constituted one act and, because second degree assault is a lesser included offense of attempted murder, he was convicted twice for the same offense. The court is not persuaded by this argument.

First, the court concludes that the Double Jeopardy Clause is not implicated in this case under *Blockburger* because beating the victim with a bat and shooting her with a gun did not constitute one act. The Delaware Supreme Court found as a factual matter that the petitioner engaged in two separate acts. The petitioner initially beat the victim "with a baseball bat while demanding that she return his drugs and money." *Gregory,* 782 A.2d at \* \*1 ¶ 4. Then, because that approach did not work, the petitioner "put down the bat and put a gun to [the victim's] head and shot her." *Id.* The State Supreme Court held that the petitioner "engaged in two distinct acts and the short time span between those acts does not change the fact that they were different acts punishable as separate offenses." *Id.*

This court must presume the State Supreme Court's findings of fact to be correct. 28 U.S.C. § 2254(e). The petitioner can only rebut the presumption of correctness with clear and convincing evidence. *Id.* Here, the petitioner offers nothing other than his own assertion that his acts of violence constituted a single offense. The court concludes that his self-serving assertion does not constitute clear and convincing evidence to rebut the presumption of correctness.

Moreover, even if the petitioner's acts of violence did constitute one act, applying the *Blockburger* test demonstrates that he was not convicted twice for one offense. Rather, he was appropriately convicted for the two separate offenses of attempted murder and second degree assault.

Under *Blockburger,* a single act or transaction may form the basis for the prosecution of different of-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22508091 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2003 WL 22508091)

fenses if each offense requires proof of a fact that the other does not. *Blockburger,* 284 U.S. at 304. Assuming, arguendo, that the petitioner correctly asserts second degree assault is a lesser included offense of attempted murder under Delaware law,[FN2] he incorrectly concludes that this fact necessarily results in a Double Jeopardy violation under *Blockburger* in his situation. Depending upon the factual circumstances, two offenses can constitute a greater and lesser offense under state law and not constitute the "same offense" for Double Jeopardy purposes. *SeeBrown v. Ohio,* 432 U.S. 161, 164 (1977) ("The principal question in this case is whether auto theft and joyriding, a greater and lesser included offense under Ohio law, constitute the "same offence" under the Double Jeopardy Clause"); *Ricketts v. Adamson,* 483 U.S. 1, 8 (1987) (where, under Arizona law, second degree murder is a lesser included offense of first degree murder, the Double Jeopardy Clause would bar prosecution for both absent special circumstances). The key issue under *Blockburger* is whether each of these offenses requires proof of a different element. *SeeHakeem v. Beyer,* 990 F.2d 750, 759 (3d Cir.1993) (holding that the petitioner's dual convictions survived the *Blockburger* analysis because "the two crimes have different elements").

> FN2. The court does not agree with petitioner's assertion that second degree assault is a lesser included offense of attempted murder in this case. First, the Delaware statute, 11 Del. C. Ann. § 206, prohibits a conviction for an offense and a lesser included offense in certain situations. As such, the Delaware Supreme Court's decision that the petitioner's convictions should not be merged implicitly recognized that the petitioner's conviction for second degree assault was not a lesser included offense of his conviction for attempted murder in the first degree. Second, as support for his assertion, the petitioner cites to *Ward v. State,* 575 A.2d 1156 (Del.1990). The court notes, however, that

*Ward* only held that attempted second degree assault is the lesser included offense of attempted murder, not that second degree assault is a lesser included offense.

*7 The offense of attempted murder in Delaware requires proof of two elements: 1) intent to cause the death of another person; and 2) a substantial step taken to reach that goal. 11 Del. C. Ann. §§ 531(2); 636(a). The elements for second degree assault in the petitioner's case [FN3] included: 1) intentional causation of physical injury; and 2) use of a deadly weapon. 11 Del. C. Ann. § 612(1)(2); *seealso* D.I. 12, Indictment by the Grand Jury. The petitioner's conviction for attempted murder required proof of an element (intent to cause death) that his conviction for second degree assault did not. Conversely, the petitioner's conviction for second degree assault required proof of two elements (actual physical injury and use of a deadly weapon) that his conviction for attempted murder did not. Thus, even if the two acts of violence constituted one act, the *Blockburger* test is satisfied because each of these two offenses required the proof of a different element. The court concludes that the petitioner's convictions for these offenses did not violate the Double Jeopardy Clause.

> FN3. The Delaware statute defining second degree assault states that a person is guilty of the offense if he "recklessly or intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument."11 Del. C. Ann. § 612(a)(2). The petitioner was charged with "intentionally caus[ing] physical injury to Nichole Hansley by means of a deadly weapon to wit: a bat."D.I. 12, Indictment by the Grand Jury.

V. CERTIFICATE OF APPEALABILITY

Finally, this court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22508091 (D.Del.)
(Cite as: Not Reported in F.Supp.2d, 2003 WL 22508091)

"substantial showing of the denial of a constitutional right."28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."*Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Additionally, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ."*Id.*

For the reasons stated above, the court concludes that the petitioner's 11 Del. C. Ann. § 206 claim does not provide a basis for federal habeas relief. The court also concludes that the petitioner's convictions for attempted murder and second degree assault did not violate the Double Jeopardy Clause. Reasonable jurists would not find these conclusions unreasonable. Consequently, the petitioner has failed to make a substantial showing of the denial of a constitutional right, and the court declines to issue a certificate of appealability.

## VI. CONCLUSION

**\*8** For the foregoing reasons, the court concludes that petitioner's request § 2254 petition does not provide a basis for federal habeas relief. Therefore, petitioner's application for federal habeas relief shall be dismissed and the writ denied. Furthermore, the court finds no basis for the issuance of a certificate of appealabilty. An appropriate order shall issue.

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner William Gregory's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2) is DENIED.

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2003.
Gregory v. Carroll
Not Reported in F.Supp.2d, 2003 WL 22508091 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in A.2d                                        Page 1
Not Reported in A.2d, 2005 WL 3194482 (Del.Super.)
(Cite as: Not Reported in A.2d, 2005 WL 3194482)

**H**
State v. Gregory
Del.Super.,2005.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Delaware.
STATE OF Delaware
v.
William GREGORY Defendant.
Submitted Sept. 1, 2005.
Decided Nov. 23, 2005.

Upon Defendant's Motion for Postconviction Re-
lief. Denied.

James Kriner, Deputy Attorney General, Wilming-
ton, Delaware.
William Gregory, Smyrna, Delaware, Defendant
pro se.

*ORDER*

CARPENTER, J.
**\*1** On this 23rd day of November, 2005, upon con-
sideration of William Gregory's ("Defendant") *pro
se* motion for postconviction relief (the "Motion"),
it appears to the Court that:

1. Defendant filed his original Motion, pursuant to
Superior Court Criminal Rule 61 ("Rule 61") on
August 19, 2004, and amended it on June 13, 2005.
For the reasons set forth below, Defendant's Motion
for Postconviction Relief is denied.

2. Commencing February 15, 2000, a three-day jury
trial was held in which the Defendant was found
guilty of Attempted Murder First Degree, Posses-
sion of a Firearm During the Commission of a
Felony, Conspiracy First Degree, Assault Second
Degree and Possession of a Deadly Weapon During
the Commission of a Felony. On May 12, 2000, this
Court sentenced the Defendant to thirty years of in-

carceration followed by supervision at Levels 4, 3
and 2. The Defendant's convictions were affirmed
by the Delaware Supreme Court in July of 2001,
with the mandate issued on August 15, 2001. On
August 19, 2004, the Defendant filed this Motion,
in which he asserts nine claims for postconviction
relief. At the request of the Court, on December 16,
2004, Joseph A. Hurley, Esquire, trial counsel for
Mr. Gregory, filed an affidavit in response to the al-
leged charges of ineffective assistance of counsel.
The State filed its response on February 28, 2005.
After receiving the State's response, the Defendant
requested an opportunity to respond and amend his
Motion, which was granted by the Court. The De-
fendant's Amended Motion was filed on June 13,
2005.

3. Before addressing the merits of any claim raised
in a motion seeking postconviction relief, this Court
must determine whether there has been compliance
with the procedural requirements of Rule
61.[FN1] One requirement is that a motion must be
filed within the three-year statute of limitations.
Time is a jurisdictional requirement, and to be
timely, a defendant's appeal must be received by
the Court within the statute of limitations.[FN2] Fur-
ther, since Delaware has not adopted the prison
mailbox rule, a *pro se* prisoner is not provided any
additional time to file an appeal.[FN3] The sole ex-
ception to this rule is if the deadline is not met due
to the conduct of court personnel.[FN4]

>    FN1.*Bailey v. State,* 588 A.2d 1121, 1127
>    (Del.Super.Ct.1991); *Younger v. State,* 580
>    A.2d 552, 554 (Del.Super.Ct.1990) (citing
>    *Harris v. Reed,* 489 U.S. 255, 265 (1989)).

>    FN2.*Carr v. State,* 554 A.2d 778, 779-80
>    (Del.1989); see also, *Ryan v. State,* 584
>    A.2d 1203, 1204 (Del.Super.Ct.1990);
>    *Jackson v. State,* 654 A.2d 829, 832-33
>    (Del.Super.Ct.1995).

>    FN3.*Whalen v. State,* 759 A.2d 603

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d

Page 2

Not Reported in A.2d, 2005 WL 3194482 (Del.Super.)

**(Cite as: Not Reported in A.2d, 2005 WL 3194482)**

(Del.Super.Ct.2000).

FN4.*Id.* The Court notes that there has been no claim that any action of the Court staff in any manner affected the filing date.

4. In the case at hand, the Supreme Court of Delaware issued its mandate on August 15, 2001, and the Defendant filed his Motion on August 19, 2004-four days after the three-year limit set forth in Rule 61(I). The Defendant argues he served his Motion on August 12, 2004, the date of his signature, however since the Motion was received by the Prothonotary's Office on August 19, 2004, the Defendant's Motion is time-barred and jurisdiction of the petition has been lost.

5. As a result, the Defendant's grounds for appeal numbered one through three in his Motion, including 1) invalid grand jury proceedings; 2) prosecutorial misconduct through incorrectly characterizing evidence and using evidence which should have been excluded and 3) discovery violations of the Brady Rule, do not require further review, as each are procedurally barred.

\*2 6. The remaining six claims raised by the Defendant relate to his claims of ineffective assistance of counsel. Rule 61(I)(5) provides a defendant with a fundamental fairness exception to the procedural bars set forth above.[FN5] Thus, a claim with respect to one's constitutional rights overcomes the procedural bar and the Court retains jurisdiction to hear that portion of the motion.[FN6]

FN5.Super. Ct.Crim. R. 61(i)(5)

FN6.*State v. Davis,* 2003 WL 1344564 (Del.Super.Ct.), at \*3. (citing *Webster v. State,* 604 A.2d 1366 (Del.1992)).

7. A successful appeal on the grounds of ineffective assistance of counsel requires the Defendant to establish that the errors committed by counsel were so serious that the Defendant was deprived of a fair trial which resulted in an unreliable outcome. The *Strickland*[FN7] standard dictates a defendant must

show 1) the representation he received was deficient and 2) the deficiency of his counsel resulted in prejudice to the Defendant.[FN8] The Defendant bears the burden of overcoming a "strong presumption that the representation was professionally reasonable."[FN9] The Defendant raised six specific claims of ineffective assistance of counsel, each of which will be addressed below.

FN7.*Strickland v. Washington,* 466 U.S. 668, 694 (1984).

FN8.*Id.* at 687.

FN9.*Evans v. State,* 795 A.2d 667 (Del.2002).

8. First, the Defendant alleges he was denied the right to testify on his own behalf. The Defendant asserts he was told by counsel he was not "able" to testify. While the Court is confident that his counsel would have carefully reviewed the advantages and disadvantages of taking the stand and testifying, there is nothing other than the Defendant's unsupported statements to endorse his claim that his counsel prevented him from taking the stand. On the other hand, Mr. Hurley's affidavit clearly set forth his practice in this area, and the Court is convinced there is nothing unique about the Defendant's case that would have caused Mr. Hurley to deviate from his many decade old practice. Mr. Hurley is an experienced defense attorney who appreciates the significance of the decision to testify and the right of the Defendant to make that decision. While the Defendant may have believed that the disadvantages associated with testifying as explained by Mr. Hurley to be a reflection of his opinion, the Court is confident the decision whether to testify was made by the Defendant after being provided appropriate and professional advice. The Defendant bears the burden of persuading this Court he was not allowed to testify by overcoming a strong presumption that trial counsel's conduct was reasonable.[FN10] That burden has not been met, and the Court finds this claim to simply be an effort to find a scapegoat for a decision the Defendant, in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2005 WL 3194482 (Del.Super.)
(Cite as: Not Reported in A.2d, 2005 WL 3194482)

hindsight, wishes was decided differently. As such, the Court finds this claim to be without merit.

> FN10.*State v. Young,* 2005 WL 1952934 (Del.Super.Ct.), at *1, 2. (Defendant argued he was advised by his trial counsel that he was not allowed to testify, and the deprivation of his right to testify resulted in his conviction. The Court determined, based on the affidavit provided by trial counsel which indicated the contrary and based on the lack of substance to the potential testimony had the defendant testified, the defendant did not have a valid claim for ineffective assistance of coun- sel.).

9. Next, the Defendant avers trial counsel was ineffective because he failed to conduct additional investigation regarding the victim's medical condition. The affidavit filed by Mr. Hurley reflects that the medical evidence with respect to the victim (specifically, the fact that she suffered from multiple gunshot wounds and injuries consistent with being hit with a baseball bat), were not disputed because the trial strategy was not one which made this evidence particularly relevant. Since there was no question that the victim was significantly injured, it would have been foolhardy and unwise for counsel to attack her medical condition. As such, the trial strategy was to concede that the victim was significantly injured, but the State had arrested the wrong defendant. The Court's recollection of the evidence is that this was the only realistic defense available for counsel to pursue, and clearly was an appropriate litigation decision. As such, this claim also lacks merit.

*3 10. The third ground raised by the Defendant alleges trial counsel was ineffective for failure to file a motion to suppress the baseball bat and two guns seized by the police. Mr. Hurley's affidavit reflects that he did not file a motion to suppress the recovered weapons because the Defendant did not have standing to contest the search, and even if he could get over that hurdle, there was no good faith

basis to attack the seizure. The trial strategy for the defense was that the Defendant was not at the crime scene, thus the instruments of the crime were not his.[FN11]This decision is consistent with the only viable defense available to counsel, and his analysis of this legal issue will not be disturbed by the Court. Mr. Hurley's decision was based upon a reasonable analysis of evidentiary law, and as such, the Defendant fails to meet the first prong of the Strickland test. Accordingly, Defendant's third ground for relief is unsuccessful.

> FN11.*State v. Powell,* 2003 WL 194929 (Del.Super.Ct.), at *2. (Defense counsel could have reasonably concluded, based on preliminary hearing testimony, that a motion to suppress evidence would be denied. Thus the defense counsel met the reasonable professional standard.); *State v. McCurley,* 2004 WL 2827857 (Del.Super.Ct.) (Defendant failed to show the defense counsel did not base his decision to not file a motion to suppress on a reasonable analysis of evidentiary law, thus his claim for ineffective assistance of counsel failed.).

11. Next, the Defendant states he received ineffective assistance of counsel since trial counsel did not request a Getz analysis prior to admitting testimony of the victim with respect to an uncharged act allegedly committed by the Defendant three days prior to the attempted murder. Mr. Hurley indicates in his affidavit that he believes the victim's testimony with respect to the uncharged incident was not objected to because it was intertwined with the attempted murder, and therefore admissible under *Pope v. State.*[FN12]

> FN12.632 A.2d 73 (Del.1993).

To prevail on this claim, the Defendant must overcome a "strong presumption that counsel's conduct was reasonable or could have been considered sound trial strategy at the time."[FN13]The Court will not review actions of counsel through a lens of hindsight,[FN14] and if trial counsel investigated

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2005 WL 3194482 (Del.Super.)
**(Cite as: Not Reported in A.2d, 2005 WL 3194482)**

Page 4

both the laws and facts and made reasonable strategic choices at the time of the trial, those choices are "virtually unchallengeable." [FN15]Further, counsel has no obligation to pursue legal arguments which he is convinced are not supported by the law. Accordingly, a defendant will not receive postconviction relief merely because he is unhappy with the outcome of the trial and now wishes counsel employed a different trial strategy.

> FN13.*State v. Hammons,* 2004 WL 1874692 (Del.Super.Ct.), at *1 (citing *Strickland,* 466 U.S. 689).

> FN14.*State v. Dawson,* 681 A.2d 407, 415 (Del.Super.Ct.1995) (quoting *Strickland,* 466 U.S. at 687).

> FN15.*Strickland,* 466 U.S. 690.

The Defendant offers no substantive evidence Mr. Hurley did not adequately investigate both the law and facts and make a sound legal decision. More importantly to the case at hand, the effect of the victim's testimony with respect to the uncharged incident appears to be minimal, at best, given the additional evidence produced by the State. Therefore, the Defendant has failed to show he was unfairly prejudiced by counsel's decision to not challenge this testimony, nor did it have any effect on the outcome of the trial. For these reasons, the Defendant's fourth argument for ineffective assistance of counsel falls short.

12. The Defendant next states that his trial counsel failed to impeach two of the State's witnesses (Nichole Hansley and Larry Barnard), who allegedly committed perjury. The Defendant argues his counsel did not impeach these witnesses with respect to where the Defendant spent his time in the Summer of 1998 though November 22, 1998, the date of the incident. However, the Court has reviewed the record and it shows Mr. Hurley did attempt to discredit Larry Barnard through specific questioning with respect to the Defendant's patterns in the latter part of 1998.[FN16]Further, the record

also reveals Mr. Hurley aggressively attempted to impeach Nichole Hansley, the victim, though he did not specifically ask where the Defendant spent his evenings in the later half of 1998. The court finds Mr. Hurley's conduct was reasonable and consistent with that expected of counsel in the examination of adverse witnesses. In addition, the Defendant did not show how the impeached testimony would affect the outcome of the trial, nor what the impeached testimony would have been. Accordingly, this claim fails both the first and second prong of the Strickland test.

> FN16. On cross-examination by Mr. Hurley of Larry Barnard, the following took place:

> Q. You have testified under oath on direct examination, have you not?

> A. Yes.

> Q. And I want to make sure I understood your testimony. It was your sworn testimony that that person that I'm pointing to over there with the suit and the glasses, between the summer of 1998 and November of 1998, spent three to four nights a week at Apartment No. 4, sleeping there overnight?

> A. Yes.

> Q. Do you remember telling this gentleman that Mr. Gregory was staying at a motel with a girl in your statement on November 23?

> A. Yes.

> Q. So if people come in from New York and say he was staying up in New York, they would be dead wrong?

> A. You can stay two places: one where you really want to rest, and one place where you want to hang out.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2005 WL 3194482 (Del.Super.)
**(Cite as: Not Reported in A.2d, 2005 WL 3194482)**

Page 5

Q. How could you do that?

A. Split the time up.

Q. Split yourself in half?

A. Split the time up.

Q. We're talking about the time you go to sleep at night, between 11:00 p.m. and 6:00 a.m., you're saying three to four times a week, during the summer up through November, that man put his head down on a pillow in your apart- ment?

A. Yes.

Trial Tr. 66-68, February 16, 2000.

**\*4** 13. Lastly, the Defendant insists his appellate counsel was ineffective. To prevail on a claim of ineffective appellate counsel, the Defendant must meet the same burden under the *Strickland* test.FN17The Defendant must include more than mere conclusory or vague allegations for this Court to determine an attorney was ineffective.FN18In his original Motion, the Defendant merely indicates conclusory and vague allegations and does not ex- press what, if any, additional appeals were not filed due to the alleged unprofessional or unreasonable conduct by counsel. In the Defendant's Amended Motion, he indicates the claims he wanted to ap- peal, but does not show how appellate counsel's failure to appeal each claim was unreasonable, and further fails to show how appellate counsel's ac- tions caused prejudice to the Defendant. As such, the Court finds this claim to also be without merit.

> FN17.*Zebroski v. State,* 822 A.2d 1038, 1043 (Del.Super.Ct.2003) (citing *Strick- land,* 466 U.S. 689).

> FN18.*State v. St. Louis,* 2004 WL 2153645 (Del.Super.Ct.), at \*3 (citing *Younger,* 580 A.2d at 555).

14. Based on the foregoing, the Defendant is not entitled to postconviction relief and the Motion is hereby DENIED.

IT IS SO ORDERED.

Del.Super.,2005.
State v. Gregory
Not Reported in A.2d, 2005 WL 3194482 (Del.Super.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

LEXSEE 2006 DEL. LEXIS 540

**WILLIAM GREGORY, Defendant Below-Appellant, v. STATE OF DELAWARE, Plaintiff Below-Appellee.**

**No. 600, 2005**

**SUPREME COURT OF DELAWARE**

**2006 Del. LEXIS 540**

**August 18, 2006, Submitted
October 17, 2006, Decided**

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:**    Court Below--Superior Court of the State of Delaware in and for New Castle County. Cr. ID No. 9811012362.
State v. Gregory, 2005 Del. Super. LEXIS 391 (Del. Super. Ct., Nov. 23, 2005)

**JUDGES:** Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

**OPINION BY:** Myron T. Steele

**OPINION**

*ORDER*

This 17th day of October 2006, upon consideration of the briefs of the parties and the record below, it appears to the Court that the judgment of the Superior Court should be affirmed on the basis of and for the reasons set forth in its well-reasoned decision dated November 23, 2005. We find no error or abuse of discretion on the part of the Superior Court in any respect.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Myron T. Steele

Chief Justice

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on May 13,

2008, I served copies of the same upon the following individuals:

>        James Q. Butler, Esq.
>        818 18th Street
>        Washington, D.C. 20006

>                                 /s/ Kevin M. Carroll
>                                 Deputy Attorney General
>                                 Department of Justice
>                                 820 N. French Street
>                                 Wilmington, DE 19801
>                                 (302) 577-8500
>                                 Del. Bar. ID No. 4836
>                                 Kevin.Carroll@state.de.us

Date:  May 13, 2008