IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM GREGORY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-724-SLR |
| ) | |
| VINCE BIANCO, ) | |
| Warden, and ATTORNEY GENERAL ) | |
| OF THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## ORDER

At Wilmington this ___ day of _____, 2008;

IT IS HEREBY ORDERED that:

1. Respondents' motion for leave to file a motion to dismiss petitioner William Gregory's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in lieu of answer is **GRANTED**. (D.I. 12)

2. Respondents' motion to dismiss petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 for being second or successive is **GRANTED**. (D.I. 13)

The instant application is petitioner's second habeas challenge to his 2000 conviction and sentence for attempted murder, possession of a firearm during the commission of a felony, first degree conspiracy, second degree assault, and possession of a deadly weapon during the commission of a felony. See Gregory v.

Carroll, 2003 WL 22508091 (D. Del. Oct. 29, 2003). This application constitutes a second or successive habeas petition for the purposes of 28 U.S.C. § 2244 because it does not challenge conduct that occurred subsequent to the filing of petitioner's earlier application. See Benchoff v. Colleran, 404 F.3d 812, 817-18 (3d Cir. 2005). The record reveals that petitioner filed the instant application without first obtaining permission from the Court of Appeals for the Third Circuit. See 28 U.S.C. § 2244(b)(1). Therefore, the court does not have the authority to review the application. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

    3. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. LAR 22.2.

    4. The clerk is directed to close the case.

*[signature]*
United States District Judge